

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 7, 1939

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Mr. Beauchamp:

Opinion No. O-831
Re: H. B. No. 328, which provide
that certain cities shall h
power to fund by ordinance
acted by the governing body
the whole or any part of an
legal debt of said city, wh
debt is the difference betw
the wages paid or to be pai
the firemen and the policem
and the wages required to b
paid the firemen and the po
men by the terms of S. B. N
passed and approved the 19t
day of April, 1937, present
serious question as to whet
an election should be first
held.

Your inquiry of March 22, 1939, is received, in wh:
you submit the following question:

"Assuming that the debt mentioned in said
statute is a legal debt of any such city, can
such bonds be issued for the purpose of paying
such debt under the Constitution of the State
of Texas without submitting to the voters of
said city a proposition to determine whether
the voters of such city are in favor of or are
against the issuance of such bonds?"

Article 11 Section 5 of the Constitution provides
cities having more than five thousand (5000) inhabitants
adopt or amend their charter subject to such limitations
may be prescribed by the Legislature, and providing that
charter or any ordinance passed under said charter shall

tain any provision inconsistent with the constitution of the state or of the general laws enacted by the Legislature of this state.

We do not have before us the provisions of the charters of the cities included in this act. These charters may provide that bonds may not be issued without an election being first held. The statutes of this state do so provide. House Bill 228 does not specifically provide that no election shall be held. In view of the provision of Section 3 that the act shall be cumulative of all laws on this subject, and that the provisions of H. B. 228 insofar as they are in conflict with any existing law or laws shall govern and control, may permit the construction that the ordinance may be passed without having first been authorized by an election. On the other hand, the construction may be given to the act that the prerequisite requirement of an election is not repealed or made subject to the right of the city to issue the bonds by an ordinance merely. Prior to the passage of this act there existed a very serious question as to whether cities might fund this obligation, and it may have been the legislative intent to declare the fundability of such obligation only and not to remove the necessity of an election.

In order that this doubt may be removed, it is our suggestion that all cities contemplating the issuance of such bonds should hold the election. If the issuance of the bonds is approved at such election, this doubt will be removed and this obstacle to the sale of the bonds will not exist.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _A. S. Rollins_

L. S. Rollins
Assistant

ASR-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS